**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

HAROLD GRAY WOODS, JR., et al.,

               Plaintiffs,

v.                              CIVIL ACTION NO.   2:22-cv-00263

ROCK LICK PREP PLANT, LLC, et al.,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiffs' *Amended Verified Complaint* (Document 14), the *Plaintiff's Verified Motion for Preliminary and Permanent Injunction* (Document 15), the *Memorandum of Authorities in Support of Plaintiff's Verified Motion for Preliminary and Permanent Injunction* (Document 16), *Defendant Rockwood Casualty Insurance Company's Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion in Opposition to Plaintiffs' Motion for Preliminary and Permanent Injunction* (Document 19), the *Memorandum in Support of Defendant Rockwood Casualty Insurance Company's Motion to Dismiss Plaintiffs Amended Complaint and Memorandum in Support of Defendant's Motion in Opposition to Plaintiffs' Motion for Preliminary and Permanent Injunction Pursuant to Fed. R. Civ. 12(b)(6)* (Document 20), *Defendants Rock Lick Prep Plant, LLC, Rockwell Mining, LLC, and Eagle Shield, LLC's Response to Plaintiffs' Motion for Preliminary and Permanent Injunction* (Document 22), the *Plaintiffs' Omnibus Response to Defendant's Motion to Dismiss Plaintiffs'*

1

*Amended Complaint and Reply to Defendant's Response in Opposition to Plaintiffs' Motion for Preliminary and Permanent Injunction Pursuant to Federal Rule of Civil Procedure 12(b)(6)* (Document 35), and the *Plaintiffs' Supplemental Response to Clarify the Scope of Plaintiffs' Omnibus Response to Defendant's Motion to Dismiss Plaintiffs' Amended Complaint and Reply to Defendant's Response in Opposition to Plaintiffs' Motion for Preliminary and Permanent Injunction Pursuant to Federal Rule of Civil Procedure 12(b)(6)* (Document 36), as well as all attached exhibits.   For the reasons stated herein the Court finds that the motion for a preliminary injunction should be denied, and the motion to dismiss should be granted.

## FACTS[1]

The Plaintiffs are Harold Gray Woods, Jr., and his wife, Donna Woods.   Mr. Woods was employed as a coal miner and prep plant worker at Rock Lick Prep Plant and in mines operated by the Defendants beginning in 2017.   The Defendants are Rock Lick Prep Plant, LLC, Blackhawk Mining, LLC, Rockwell Mining, LLC, Eagle Shield, LLC, and Rockwood Casualty Insurance Company.   Rockwood is the workers' compensation private carrier and agent for Rockwell Mining, Rock Lick Prep Plant, and Eagle Shield (collectively, the Mining Defendants). Blackhawk Mining supervises, directs, manages, or controls the other Mining Defendants, but provided no direct supervision of Mr. Woods.

The Amended Verified Complaint asserts the following causes of action: Count I: Deliberate Intention Liability Claim, against Rock Lick Prep Plant, Rockwell Mining, and Eagle

---

[1] For purposes of the motion to dismiss, the Court treats the factual allegations in the amended complaint as true. For purposes of the motion for a preliminary injunction, the facts are drawn from the evidentiary exhibits.   No facts material to the consideration of the motion for a preliminary injunction are disputed, and the Court finds that a hearing would not be helpful to resolution of the motion.

Shield; Count II: Deprivation of Plaintiff's Constitutional Right to Due Process under the Fifth Amendment and Fourteenth Amendment, as to Rockwood, Rock Lick Prep Plant, Rockwell Mining, and Eagle Shield; and Count III: Negligence, as to Blackhawk.   Plaintiff Donna Woods brings a consortium claim as the spouse of Harold Woods.

On or about September 15, 2020, Mr. Woods was diagnosed with pulmonary lung disease. His treating physician directed him to cease working at the Rock Lick Prep Plant.   He submitted a worker's compensation claim dated September 28, 2020, and Rockwood replied with a letter dated October 8, 2020, notifying him that it was tolling his claim for further investigation.[2]   He was referred for an Independent Medical Examination (IME) by Dr. Mohammed Ranavaya, who concluded that his symptoms were caused by long-standing bronchial asthma, seasonal allergies, obesity, heart disease, and other chronic conditions, and found no evidence of occupational lung disease.   (Ranavaya IME, November 23, 2020, att'd as Def.'s Ex. 3) (Document 19-1.) Rockwood issued a "Protestable Order" dated December 9, 2020, denying his claim based on Dr. Ranavaya's findings.   Mr. Woods appealed the denial.

Mr. Woods also filed a claim for occupational pneumoconiosis.   On June 14, 2021, Rockwood issued a letter titled "Occupational Pneumoconiosis – Nonmedical Finding," agreeing that he satisfied the exposure requirement of having been exposed for 10 years during the 15 years preceding his last date of exposure, and his claim would therefore be considered under W.Va. Code 23-4-8c(b).   (Rockwood June 14, 2021 letter, Def.'s Ex. 10) (Document 19-1.)   On December 14, 2021, the Occupational Pneumoconiosis Board found insufficient medical evidence to support a diagnosis of occupational pneumoconiosis.   (Occupational Pneumoconiosis Board Findings,

---

2 Mr. Woods' initial claim cited welders' lung.

December 14, 2021, Def.'s Ex. 12) (Document 19-1.)   Rockwood again denied his claim, and he again appealed.   Meanwhile, he was awarded federal black lung benefits based on the medical evidence and his exposure history.   Multiple citations and violations reflect unlawful exposure to coal dust at Rock Lick Prep Plant.

On March 14, 2022, Mr. Woods was seen by Dr. Maeve MacMurdo, a physician at the Cleveland Clinic.   Dr. MacMurdo opined that he had "severe persistent occupational asthma/chronic obstructive lung disease as a result [his] prior coal mine employment," noting extended periods of employment in which he was exposed to coal dust.   (Dr. Maeve MacMurdo letter, March 16, 2022, att'd as Pl.'s Ex. 2) (Document 15-2.)   He subsequently filed a workers' compensation claim with Rockwood on June 29, 2022.   Rockwood denied the claim in a letter dated July 14, 2022, finding that he had not proven an occupational illness or disease in accordance with state law.   The denial letter contains language notifying Mr. Woods that objections to the decision must be filed with the Workers' Compensation Board of Review in writing within sixty days.

## STANDARD OF REVIEW

### A.  12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading.  *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008).   Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ.

4

P. 8(d)(1).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements."  *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.  *Iqbal,* 556 U.S. at 679.  Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570).  In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588

5

F.3d at 193 (quoting *Twombly,* 550 U.S. at 570).   A plaintiff must, using the complaint, "articulate

facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief."

*Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557).   "Determining whether a complaint

states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be

a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense."   *Iqbal,* 556 U.S. at 679.

### B.  Preliminary Relief

Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that a temporary restraining

order may be issued without notice

> only if (A) specific facts in an affidavit or a verified complaint
> clearly show that immediate and irreparable injury, loss, or damage
> will result to the movant before the adverse party can be heard in
> opposition; and (B) the movant's attorney certifies in writing any
> efforts made to give notice and the reasons why it should not be
> required.

Fed. R. Civ. P. 65(b)(1).   A preliminary injunction may be issued "only on notice to the adverse

party."   Fed. R. Civ. P. 65(a)(1).   The Defendants have appeared and responded in this matter.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest."   *Winter v. Nat.

Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).   Plaintiffs must satisfy all four requirements.   *JAK

Prods., Inc. v. Bayer*, 616 F. App'x 94, 95 (4th Cir. 2015) (unpublished, per curiam opinion); *Real

Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *cert.

granted, judgment vacated,* 559 U.S. 1089, 130 S. Ct. 2371, 176 L. Ed. 2d 764 (2010), and *adhered

to in part sub nom. The Real Truth About Obama, Inc. v. F.E.C.*, 607 F.3d 355 (4th Cir. 2010).

6

The standard requires the plaintiff "to make a clear showing of likelihood of success on the merits." *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 292 (4th Cir. 2011) (quotation marks omitted).

## DISCUSSION

The Plaintiffs argue that West Virginia's workers' compensation statute is unconstitutional because it permits an insurer to "adjudicate in a judicial capacity life altering issues of workers' compensation law of compensability and impairment," the resolution of which "also determines this Court's subject matter jurisdiction under the West Virginia deliberate intent statute." (Pl.s' Mem. at 3.) In denying Mr. Woods' claim, they contend that "Rockwood on its behalf, and as agent for the employer defendants, unconstitutionally adjudicated and thereby judged a claim in which it had a deep deep financial interest." (*Id.*) They contend that Mr. Woods is irreparably harmed by the denial of benefits, which also leads to an inability to meet the compensability and impairment elements necessary to bring his claim to federal court.

The Plaintiffs request a preliminary and permanent injunction to prevent the Defendants from acting as judge in their own case, to halt the "underlying proceedings related to Plaintiff Woods' workers compensation," and to toll the deliberate intent statute compensability and impairment determinations for purposes of the statute of limitations. (*Id.* at 7.) They contend that the respective harms analysis favors an injunction because absent an injunction, Mr. Woods would be forced to "continue to fight a clearly unconstitutional adjudication of his claim" while going without benefits, while the Defendants would merely place the funds to which Mr. Woods is entitled in an account. (*Id.* at 6.) They argue that they have demonstrated a likelihood of success on the merits. Finally, they contend that the public interest would be served by the review of the constitutional challenge to West Virginia's workers' compensation adjudication process.

7

Defendant Rockwood urges the Court to deny injunctive relief and dismiss the claims against it in their entirety.   It argues that West Virginia's framework for administrative adjudication of workers' compensation claims sets forth detailed procedures that ensure due process.   It explains that it promptly denied the June 29, 2022 claim because it had thoroughly investigated previous claims involving the same alleged exposures and conditions.   It notes that Mr. Woods' first claim is still under appeal, while he has not yet filed a protest as to the July 14, 2022 denial of his June 29, 2022 claim.   Rockwood contends that his due process challenge is not ripe: "Because Plaintiff has not finalized his appeal of his claim, he does not yet have a vested right or interest that has either been granted or denied and as such, his claim that his due process rights have been trampled, as the process is ongoing, is not yet ripe for judicial determination." (Rockwood Mem. at 19.)   It contends that interfering in West Virginia's workers' compensation system would be judicial overreach contrary to the public interest.   Thus, it argues that Mr. Woods cannot meet the factors for preliminary or permanent injunctive relief.

Rock Lick, Rockwell, and Eagle Shield jointly responded to the motion for a preliminary injunction, asserting that it fails on three grounds: lack of standing, because the Mining Defendants do not adjudicate workers' compensation claims; lack of ripeness, because Mr. Woods has not exhausted administrative remedies; and lack of subject matter jurisdiction because Mr. Woods has not exhausted administrative remedies.   They argue that they have no authority or control over Rockwood's adjudication of workers' compensation claims, and there is therefore no causal connection between their alleged conduct and the alleged injury for purposes of standing.   They further argue that Mr. Woods retains the right to appeal the July 14, 2022 decision.   They contend that the failure to exhaust administrative remedies both renders this action unripe and deprives this

Court of subject matter jurisdiction to issue an injunction, citing extensive precedent requiring exhaustion.

In reply, the Plaintiffs emphasize the evidence of coal dust exposure during Mr. Woods' employment, as well as the opinions of both his local treating physician and his physician at the Cleveland Clinic that he suffers from occupational asthma.   They argue that Rockwood cannot fill in the blanks of its form denial of Mr. Woods' claim through its briefing in this case.   They note that a recent August 29, 2022 opinion from another pulmonologist found a 20-29% whole person impairment due to an asthmatic condition exacerbated by the conditions of Mr. Woods' employment.   They argue that their due process rights are violated by the statutory structure that allows Rockwood to "adjudicate [the] compensability component of a claim and the impairment rating for both Workers' Compensation determination and the threshold Workers' Compensation impairment rating set forth in West Virginia Code § 23-4-(2)(d)(2)(B)(11)(I)(a) and (12), as 13% or higher, a predicate element for commencement of a deliberate intent cause of action."   (Pl.'s Reply at 14–15.)   The Plaintiffs contend that their "request for an injunction is ripe for judicial action in that this matter presents a purely legal issue, and any further development of the facts will not render the issue more concrete."   (*Id.* at 18.)   In addition, they argue that an injunction or stay is necessary to prevent the matter from being barred by the statute of limitation, as they anticipate the statute of limitations running during the appeals process.   In sum, they contend that "[v]esting an employer, third party administrator, and private carrier with the full statutory authority to adjudicate the predicate element of a deliberate intent claim constitutes a deprivation of Mr. Woods' right to an impartial tribunal pursuant to the Fifth and Fourteenth Amendment to the United States Constitution and 42 USC §1983."   (*Id.* at 19.)   They urge the Court to deny the

motion to dismiss, grant the injunction and toll the statute of limitations, or to stay this action "until there is a constitutionally fair adjudication of compensability and impairment rating." (*Id.* at 20.)

### A. Standing and Ripeness

The Supreme Court has established three elements necessary for constitutional standing: (1) "the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) "there must be a causal connection between the injury and the conduct complained of;" and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks, punctuation, and citations omitted). Plaintiffs must support each element "with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 561. Where the plaintiff is "an object of the action (or foregone action) at issue…there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it." *Id.* at 561–62. A plaintiff may have standing prior to the culmination of an enforcement action based on the future injury if there is a "credible threat of enforcement," or "under circumstances that render the threatened enforcement sufficiently imminent." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 160, 167 (2014).

"Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Nat'l Park*

*Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807–08 (2003) (quoting *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148–149 (1967)).   "Determining whether administrative action is ripe for judicial review requires us to evaluate (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration."   *Id.*   The Fourth Circuit has explained that "[t]he doctrine of ripeness prevents judicial consideration of issues until a controversy is presented in clean-cut and concrete form."   *Miller v. Brown,* 462 F.3d 312, 318–19 (4th Cir.2006) (internal quotation marks omitted).

To the extent that the Plaintiffs seek an injunction altering the state administrative procedures for resolving Mr. Woods' workers' compensation claim, the Court finds that such a claim is not ripe because he has not exhausted his administrative remedies.   Any injury from the alleged unfairness of the process has not yet materialized.   His workers' compensation claim was denied by Rockwood, but he retains the ability to appeal that denial through the process established by state law.   Until that process is complete, the contours of the challenge are not clear, and the dispute is not fit for judicial review.

Furthermore, it is unclear precisely what such an injunction would entail.   The Insurance Commissioner or West Virginia Workers' Compensation Board of Review responsible for hearing the appeal are not party to this suit.   The Plaintiffs did not specifically set forth what they ask the Court to enjoin these Defendants to do or not do.   The alleged constitutional flaws in the state workers' compensation system cannot be remedied by these Defendants.

For similar reasons, the Court finds that the constitutional due process claim in Count II should be dismissed without prejudice.   Mr. Woods has not been injured by the as-yet-incomplete process.   Without a final determination, whether he will ultimately prevail and receive benefits is

unknown.   To the extent that Rockwood's denial of his claim constitutes an injury, this Court is not the proper avenue to challenge that denial given the process established by state law.   The relief requested is not available from this Court or these Defendants.[3]   Therefore, the Court finds that the due process challenge is not justiciable as currently presented and must be dismissed.

Even if the due process claim were justiciable, the Plaintiffs have not established any of the factors required for a preliminary injunction.   While they presented evidence relevant to the deliberate intent claim—that Mr. Woods suffers from severe persistent occupational asthma and that Rock Lick Prep Plant had repeated citations for coal dust—that evidence is not relevant to the requested injunctive relief halting the underlying workers' compensation case.   As he has not yet completed the appeal process, it would be difficult to establish that he is likely to succeed in challenging the fairness of that process.   In the absence of preliminary relief, Mr. Woods will have to avail himself of the statutory process for workers' compensation claims.   That hardly constitutes irreparable harm.   These Defendants have little control over state law or even the outcome of the workers' compensation claim following Rockwood's initial denial.   The Court cannot find that the balance of equities tips in the Plaintiffs' favor.   Furthermore, an injunction would be contrary to the public interest.   Whatever flaws there may be in the workers' compensation system, the public relies on access to that system with clearly established processes for pursuing claims.   The Court will not throw that system into question with an ill-defined injunction.

---

3 Indeed, it is not clear how the Plaintiffs envision this case proceeding.   If the Court somehow halted the underlying workers' compensation proceeding, would this Court then be expected to replace the Workers' Compensation Board of Review to determine whether Mr. Woods is entitled to benefits?

*B. Stay*

The Plaintiffs alternatively request a stay of the deliberate intent action, in light of the anticipated expiration of the statute of limitations while Mr. Woods exhausts administrative remedies.   As they explain, a Workers' Compensation impairment rating of 13% or higher is necessary for pursuit of the deliberate intent action, and that has yet to be determined.   Thus, it appears that the deliberate intent claim cannot proceed until Mr. Woods' workers' compensation claim is resolved administratively, during which time the statute of limitations may expire.[4] District courts generally have discretion to issue stays in the interests of justice and to appropriately manage their dockets.   *See Ryan v. Gonzales*, 568 U.S. 57, 73–74 (2013) (reviewing cases discussing the scope of authority for stays).   The Court finds a stay of the remaining claims appropriate in this matter.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Verified Motion for Preliminary and Permanent Injunction* (Document 15) be **DENIED**, that *Defendant Rockwood Casualty Insurance Company's Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion in Opposition to Plaintiffs' Motion for Preliminary and Permanent Injunction* (Document 19) be **GRANTED** and that Count II be **DISMISSED**, and that Rockwood Casualty Insurance Company be **DISMISSED** as a Defendant in this matter.

---

4 Although the issue is not presented herein, the Court questions whether a statute of limitations defense would be successful under the circumstances contemplated, with a pending workers' compensation claim depriving a plaintiff of a necessary prerequisite to filing a deliberate intent claim within two years of the date of injury.

The Court further **ORDERS** that the Plaintiffs' *Motion for Expedited Hearing on Plaintiffs' Motion for Preliminary and Permanent Injunction* (Document 17) be **TERMINATED AS MOOT**.   Finally, the Court **ORDERS** that this action be **STAYED** pending resolution of the underlying workers' compensation claim.   The Court **DIRECTS** the parties to submit status reports every sixty (60) days detailing the status of the workers' compensation claim.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    September 9, 2022

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

14